# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARITY SPORTSMAN, Independent    )
Administrator of the Estate of TERRY G.    )
SPORTSMAN, JR., deceased,    )
    )
        Plaintiff,    )
    )
v.    )   No. 16-cv-9004
    )
CALIFORNIA OVERLAND, Ltd.,    )   **JURY TRIAL DEMANDED**
a corporation, and DAVID V. JUNEAU,    )
    )
        Defendants,    )

## COMPLAINT AT LAW

### COUNT I - Negligence

Plaintiff, Charity Sportsman, Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, California Overland, Ltd., (hereinafter California Overland) a corporation, and DAVID V. JUNEAU, states as follows:

1.   Plaintiff Charity Sportsman, is the surviving spouse of Terry G. Sportsman, Jr. and is a resident and citizen of Sycamore, DeKalb County, Illinois.

2.  Plaintiff, Charity Sportsman, is the Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, having been so appointed by the Circuit Court of DeKalb County in Sycamore, Illinois and brings this action in accord with the provisions of 740 ILCS 180/1, 2 and 2.1, commonly known as the Wrongful Death Act of Illinois on behalf of herself and the minor children of Terry G. Sportsman, Jr., Abigail Sportsman and Andrew Sportsman.

1

3.     At the time of his death on June 14, 2015, Decedent Terry G. Sportsman, Jr., Plaintiff Charity Sportsman, and their children, Abigail Sportsman and Andrew Sportsman were residents and citizens of Sycamore, Illinois.

4.     Defendant California Overland is a Minnesota corporation maintaining its principal place of business in Wabasha, Minnesota.  On June 14, 2015 and continuing to the present, California Overland is engaged in truck transportation of various products throughout the 48 contiguous states and does substantial business in the state of Illinois.

5.     On and before June 14, 2015, defendant David B. Juneau was a resident and citizen of  Vermillion, South Dakota.  Defendant worked as a driver of semi-tractor trailer trucks for Defendant California Overland.

6.     This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(l).  This matter in controversy exceeds the value of $75,000.00 exclusive of interest and costs, and is a civil action between citizens of different states.

7.     Venue is proper based on 28 U.S.C. § 1391 (a) because defendant California Overland is doing business in this judicial district and Plaintiff Charity Sportsman is a resident and citizen of this judicial district.

8.     On and before June 14, 2015, Interstate Highway 39/90 was a public roadway that had generally two lanes of northbound traffic and two lanes of southbound traffic separated by a grassy median strip as it passed through Janesville, Rock County, Wisconsin near milepost 173.

9.     On and before June 14, 2015, defendant Juneau was a duly authorized employee, agent and/or apparent agent of defendant California Overland, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

2

10. On June 14, 2015, defendants California Overland and Juneau, and each of them, owned, operated, managed, maintained, and/or controlled a Freightline semi-tractor tanker truck bearing VIN Number 3AKJGLD59FSGL1358, and USDOT Number 00988429 which they drove in a northbound direction on Interstate 39/90 at or near milepost 173 in Janesville, Rock County, Wisconsin.

11. On June 14, 2015, decedent Terry G. Sportsman Jr. operated his Chevrolet Silverado vehicle in a southbound direction on Interstate 39/90 in Janesville, Rock County, Wisconsin on his way to his home in Illinois.

12. On June 14, 2015, defendants California Overland and Juneau, and each of them, operated and drove their semi-tractor tanker truck in such a manner as to cause their northbound semi-tractor tanker truck to cross the median and travel into the southbound lanes of Interstate 39/90 where it collided with the oncoming southbound Chevrolet Silverado vehicle driven by decedent Terry G. Sportsman, Jr., resulting in severe personal injury and death to Terry G. Sportsman Jr.

13. On and before June 14, 2015, and at all times mentioned herein, defendants California Overland and Juneau, and each of them, had a duty to exercise ordinary care for the safety of other, including Terry G. Sportsman, Jr.

14. On and before June 14, 2015, and at all times mentioned herein, defendants California Overland and Juneau, individually and as agents, employees or apparent agents of defendant California Overland, were negligent in one or more of the following respects:

    a)    Negligently operated, managed, maintained, controlled and drove a semi-tractor tanker truck into oncoming traffic, striking the vehicle driven by Terry G. Sportsman Jr.;

3

b)    Operated their semi-tractor tanker truck without keeping a proper
        lookout for oncoming traffic;

c)    Operated their semi-tractor tanker truck with wilful and wanton disregard for the
        safety of other motorists;

d)    Proceeded at a speed which was greater than reasonable and proper with
        regard to traffic conditions and the use of the highway;

e)    Failed to properly monitor and watch traffic in and around his vehicle so as to
        avoid striking an oncoming vehicle;

f)    Diverted his attention from the traffic in front of him to look at a portion of
        the inside of the tractor cab behind and around David Juneau while still
        continuing to operate the semi-tractor tanker truck at high speed;

g)    Failed to operate and drive their semi-tractor tanker truck in a single lane of
        traffic;

h)    Failed to apply any braking action or otherwise slow their semi-tractor tanker
        truck so as to avoid crossing into the oncoming lanes of traffic and
        striking Mr. Sportsman's southbound vehicle;

i)    Failed to take any evasive action to avoid driving into the lanes of
        oncoming traffic and striking Mr. Sportman's southbound vehicle;

j)    Falsified driver logs in regard to driving and non-driving hours in violation of
        Federal Motor Carrier Safety Regulations 395.8 (3);

k)    Failed to reduce speed when hazardous and rainy conditions existed in
        violation of Federal Motor Carrier Safety Regulation 394.14;

l)    Failed to exercise extreme caution on a wet and rainy roadway while
        driving at high speed in violation of Federal Motor Carrier Safety
        Regulation 392.14;

m)    Defendant California Overland failed to provide proper training and
        instruction to defendant Juneau to ensure that he was qualified to safely
        operate a semi-tractor tanker truck in accord with the provisions of the
        Federal Motor Carrier Safety Regulations;

n)    Defendant California Overland failed to properly qualify, train, monitor and
        supervise defendant Juneau in violation of Part 391.11 of the Federal Motor
        Carrier Safety Regulations;

4

o)      Failed to possess the skill and knowledge required of a driver of a commercial motor carrier vehicle as required under Parts 383.111 and 383.113 of the Federal Motor Carrier Safety Regulations;

p)      Drove a semi-tractor tanker truck when fatigued or when his alertness was otherwise impaired in violation of Part 392.3 of the Federal Motor Carrier Safety Regulations;

q)      Drove their semi-tractor tanker truck from the northbound lanes of traffic across a grassy median into the southbound lanes of traffic striking decedent's pick-up truck causing it to roll over and come to rest in a ditch west of Interstate 39/90;

r)      Operated and drove their semi-tractor tanker truck while hearing impaired and without the use of a hearing aid;

s)      Operated and drove while under the influence of multiple medications, including medication for depression, high cholesterol and high blood pressure;

t)      Exceeded permissible driving work hours;

u)      While driving in excess of 65 m.p.h. defendant Juneau diverted his attention from the roadway and turned around to look behind him in the cab of his tractor;

v)      Was otherwise negligent.

15.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions, plaintiff's decedent Terry G. Sportsman, Jr., sustained serious personal injuries resulting in his death on June 14, 2015.

16.  Terry G. Sportsman, Jr., deceased, left surviving him his wife Charity Sportsman, his minor son Andrew Sportsman and his minor daughter Abigail Sportsman, each of whom has sustained personal and pecuniary loss and damages as a result of his death, including the loss of society, support, companionship, guidance, affection and consortium.

Wherefore, Plaintiff, Charity Sportsman, Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, demands judgment against California Overland, Ltd., and

5

David V. Juneau, and each of them, in an amount in excess of $75,000.00.

## Count II

## Survival

Plaintiff, Charity Sportsman, Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, California Overland, Ltd., (hereinafter California Overland) a corporation, and DAVID V. JUNEAU, states as follows:

1.  Plaintiff Charity Sportsman, is the surviving spouse of Terry G. Sportsman, Jr. and is a resident and citizen of Sycamore, DeKalb County, Illinois.

2. Plaintiff, Charity Sportsman, is the Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, having been so appointed by the Circuit Court of DeKalb County in Sycamore, Illinois and brings this action in accord with the provisions of 740 ILCS 180/1, 2 and 2.1, commonly known as the Wrongful Death Act of Illinois on behalf of herself and the minor children of Terry G. Sportsman, Jr., Abigail Sportsman and Andrew Sportsman.

3.  At the time of his death on June 14, 2015, Decedent Terry G. Sportsman, Jr., Plaintiff Charity Sportsman, and their children, Abigail Sportsman and Andrew Sportsman were residents and citizens of Sycamore, Illinois.

4.  Defendant California Overland is a Minnesota corporation maintaining its principal place of business in Wabasha, Minnesota. On June 14, 2015 and continuing to the present, California Overland is engaged in truck transportation of various products throughout the 48 contiguous states and does substantial business in the state of Illinois.

5.     On and before June 14, 2015, defendant David B. Juneau was a resident and citizen of Vermillion, South Dakota. Defendant worked as a driver of semi-tractor trailer trucks for Defendant California Overland.

6.     This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(l). This matter in controversy exceeds the value of $75,000.00 exclusive of interest and costs, and is a civil action between citizens of different states.

7.     Venue is proper based on 28 U.S.C. § 1391 (a) because defendant California Overland is doing business in this judicial district and Plaintiff Charity Sportsman is a resident and citizen of this judicial district.

8.     On and before June 14, 2015, Interstate Highway 39/90 was a public roadway that had generally two lanes of northbound traffic and two lanes of southbound traffic separated by a grassy median strip as it passed through Janesville, Rock County, Wisconsin near milepost 173.

9.     On and before June 14, 2015, defendant Juneau was a duly authorized employee, agent and/or apparent agent of defendant California Overland, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

10.     On June 14, 2015, defendants California Overland and Juneau, and each of them, owned, operated, managed, maintained, and/or controlled a Freightline semi-tractor tanker truck bearing VIN Number 3AKJGLD59FSGL1358, and USDOT Number 00988429 which they drove in a northbound direction on Interstate 39/90 at or near milepost 173 in Janesville, Rock County, Wisconsin.

11.     On June 14, 2015, decedent Terry G. Sportsman Jr. operated his Chevrolet Silverado vehicle in a southbound direction on Interstate 39/90 in Janesville, Rock County,

7

Wisconsin on his way to his home in Illinois.

12.    On June 14, 2015, defendants California Overland and Juneau, and each of them, operated and drove their semi-tractor tanker truck in such a manner as to cause their northbound semi-tractor tanker truck to cross the median and travel into the southbound lanes of Interstate 39/90 where it collided with the oncoming southbound Chevrolet Silverado vehicle driven by decedent Terry G. Sportsman, Jr., resulting in severe personal injury and death to Terry G. Sportsman Jr.

13.    On and before June 14, 2015, and at all times mentioned herein, defendants California Overland and Juneau, and each of them, had a duty to exercise ordinary care for the safety of other, including Terry G. Sportsman, Jr.

14.    On and before June 14, 2015, and at all times mentioned herein, defendants California Overland and Juneau, individually and as agents, employees or apparent agents of defendant California Overland, were negligent in one or more of the following respects:

   a)    Negligently operated, managed, maintained, controlled and drove a semi-tractor tanker truck into oncoming traffic, striking the vehicle driven by Terry G. Sportsman Jr.;

   b)    Operated their semi-tractor tanker truck without keeping a proper lookout for oncoming traffic;

   c)    Operated their semi-tractor tanker truck with wilful and wanton disregard for the safety of other motorists;

   d)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway;

   e)    Failed to properly monitor and watch traffic in and around his vehicle so as to avoid striking an oncoming vehicle;

   f)    Diverted his attention from the traffic in front of him to look at a portion of

8

the inside of the tractor cab behind and around David Juneau while still continuing to operate the semi-tractor tanker truck at high speed;

g)    Failed to operate and drive their semi-tractor tanker truck in a single lane of traffic;

h)    Failed to apply any braking action or otherwise slow their semi-tractor tanker truck so as to avoid crossing into the oncoming lanes of traffic and striking Mr. Sportsman's southbound vehicle;

i)    Failed to take any evasive action to avoid driving into the lanes of oncoming traffic and striking Mr. Sportman's southbound vehicle;

j)    Falsified driver logs in regard to driving and non-driving hours in violation of Federal Motor Carrier Safety Regulations 395.8 (3);

k)    Failed to reduce speed when hazardous and rainy conditions existed in violation of Federal Motor Carrier Safety Regulation 394.14;

l)    Failed to exercise extreme caution on a wet and rainy roadway while driving at high speed in violation of Federal Motor Carrier Safety Regulation 392.14;

m)    Defendant California Overland failed to provide proper training and instruction to defendant Juneau to ensure that he was qualified to safely operate a semi-tractor tanker truck in accord with the provisions of the Federal Motor Carrier Safety Regulations;

n)    Defendant California Overland failed to properly qualify, train, monitor and supervise defendant Juneau in violation of Part 391.11 of the Federal Motor Carrier Safety Regulations;

o)    Failed to possess the skill and knowledge required of a driver of a commercial motor carrier vehicle as required under Parts 383.111 and 383.113 of the Federal Motor Carrier Safety Regulations;

p)    Drove a semi-tractor tanker truck when fatigued or when his alertness was otherwise impaired in violation of Part 392.3 of the Federal Motor Carrier Safety Regulations;

q)    Drove their semi-tractor tanker truck from the northbound lanes of traffic across a grassy median into the southbound lanes of traffic striking decedent's pick-up truck causing it to roll over and come to rest in a ditch west of Interstate 39/90;

r)     Operated and drove their semi-tractor tanker truck while hearing impaired and without the use of a hearing aid;

s)     Operated and drove while under the influence of multiple medications, including medication for depression, high cholesterol and high blood pressure;

t)     Exceeded permissible driving work hours;

u)     While driving in excess of 65 m.p.h. defendant Juneau diverted his attention from the roadway and turned around to look behind him in the cab of his tractor;

v)     Was otherwise negligent.

15.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of defendants California Overland and Juneau, and each of them, plaintiff's decedent Terry G. Sportsman, Jr., sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on June 14, 2015, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

16.    Plaintiff, Charity Sportsman, Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, brings this action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

Wherefore, Plaintiff, Charity Sportsman, Independent Administrator of the Estate of Terry G. Sportsman, Jr., deceased, demands judgment against California Overland, Ltd., and David V. Juneau, and each of them, in an amount in excess of $75,000.00.

/s/ Richard F. Burke, Jr.
Attorney for Plaintiff

RICHARD F. BURKE, JR.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois   60602
(312) 899-9090
 Fax No. (312) 251-1160
rfb@cliffordlaw.com