IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
Charity Sportsman,            )
Independent Administrator     )
of the Estate of Terry G.     )
Sportsman, Jr., deceased,     )
                              )
              Plaintiff,      )
     v.                       )   No. 16 C 9004
                              )
California Overland, Ltd.,    )
a corporation, and David V.   )
Juneau,                       )
                              )
              Defendants.     )
```

MEMORANDUM OPINION AND ORDER

In this personal injury suit, plaintiff, who is a citizen and resident of Illinois, sues California Overland, a Minnesota company headquartered in Wabasha, Minnesota, and its employee, David Juneau, a citizen and resident of South Dakota, asserting claims of negligence and survival under Illinois' Survival Act, 735 ILCS 5/13-209. Defendants have filed a motion to dismiss for lack of personal jurisdiction, which I grant for the reasons that follow.

The parties do not dispute the material facts: California Overland is a trucking company that operates in the forty-eight contiguous United States. It does not own or lease any property or facilities in Illinois. Of the approximately 190 drivers

California Overland employed in 2015 and 2016, five were Illinois residents.

California Overland advertises through its website and on social media such as Facebook, and it also uses some national advertising agencies and distributes paper pamphlets at truck stops. Some of California Overland's national advertising probably gets to Illinois. *See* Meyer Dep., Pl.'s Resp., Exh. B at 35:13-36:7. In 2015, 8.9% of California Overland's revenue stemmed from orders delivered to Illinois, and 3.98% of its revenue stemmed from loads shipped from Illinois. In 2016, these figures dropped to 3.2% and 2.7% respectively,[1] which California Overland's President, Dustin Meyer, attributed to the loss, in April or May of 2016, of "a customer that sent [defendant] to Illinois quite a bit." *Id*. at 34:20-25. In 2015, California Overland had 538 customers in total, of which 46 were located in Illinois. In 2016, 32 of California Overland's 403 customers were located in Illinois.

The claims asserted in this case arise out of an accident that occurred on the interstate highway in Rock County, Wisconsin on June 14, 2015, when, in the course of performing his job duties, Mr. Juneau drove a truck owned by California Overland across the median and collided with a vehicle driven by Terry Sportsman, killing Mr. Sportsman. Mr. Juneau had picked up

---

[1] These figures are through November of 2016.

the truck in Guymon, Oklahoma, several days before the accident and had delivered a load to Pennsylvania. From there, Mr. Juneau proceeded with an empty trailer to Wabasha, Wisconsin, traveling through, but not stopping in, Illinois en route.

A federal court sitting in diversity has personal jurisdiction over a defendant to the same extent a court of the state in which it sits—Illinois in this case—would have such jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Because Illinois allows for personal jurisdiction to the full extent consistent with due process, the federal constitutional and state statutory inquiries merge. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

"Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts" with the forum. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex*, P.A., 623 F.3d 440, 444 (7th Cir. 2010). Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR, Inc.*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). General jurisdiction "is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts'" with the

3

forum. *Id*. (quoting *Helicopteros Nacionales*, 466 U.S. at 416). Because general jurisdiction "allows a defendant to be sued in the forum regardless of the subject matter of the litigation," the minimum contacts required to satisfy constitutional due process are "significantly higher" than are required for specific jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 787 (7th Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff asserts only general jurisdiction here, arguing that the evidence establishes that California Overland was systematically doing business within the state. She relies heavily on *Colletti v. Crudele*, 523 N.E. 2d 1222 (Ill. App. Ct. 1988), as well as *Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994), and *Coburn Grp., LLC v. Whitecap Advisors*, LLC, No. 07 C 2448, 2007 WL 2948367, at *5 (N.D. Ill. Oct. 3, 2007). In *Colletti*, the court exercised general jurisdiction over a foreign trucking company that had a registered agent in Illinois and had already appeared in three related cases filed in Illinois, noting that the company's business operations in Illinois "cannot necessarily be minimized" even though they accounted for only a small percentage of its overall business. 523 N.E. 2d at 1229. In *Neuman*, the defendants admitted that they had been doing business in Illinois prior to 1992 (the year they were served

4

with the plaintiff's complaint), but disputed jurisdiction on the ground that their Illinois business declined markedly in 1992 (which the evidence revealed was "a bad year"). 15 F.3d at 725. The court rejected this argument, concluding that the defendants' Illinois business—for which they continued to employ an independent sales representative whose territory covered Illinois, and who made regular phone calls and business trips to Illinois to solicit and do business with customers—was continual and reflected "business as usual" even after the drop. *Id*. And in *Coburn*, the court determined that Illinois courts could assert general jurisdiction over a non-resident entity with "extensive contacts" with Illinois, which included, in addition to making payments to a Chicago bank account under the contract at issue with the Illinois-based plaintiff, conducting meetings with multiple Illinois-based investors; sending marketing materials that included monthly performance summaries; and attending holiday parties in Illinois at which business was discussed. *Id*. at *4-*5.

Of these cases, the most factually similar to this one is *Colletti*, in which the court observed that personal jurisdiction was "a close question" but concluded that in the "peculiar circumstances" of the case—specifically, the defendant's appearance in three related cases—the balance tipped in the plaintiff's favor. 523 N.E. 2d at 1230, n. 6. The court also

considered "significant" the fact that the defendant maintained a registered agent in Illinois. *Id*. These factors are not present in this case.

More importantly, none of these cases was decided after the Supreme Court "clarified and, it is fair to say, raised the bar for" general jurisdiction in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011), and *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc*. 783 F.3d 695, 698 (7th Cir. 2015). As the Seventh Circuit explained in *Kipp*, the Court's recent precedent reflects its view that "general jurisdiction exists only when the organization is 'essentially at home' in the forum State," a condition the Court has thus far found to be met in only two places: the state of the corporation's principal place of business and the state of its incorporation. *Id*. (quoting *Goodyear*, 564 U.S. at 919). Indeed, in each of the post-*Goodyear* cases plaintiff cites—*Kipp*; *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487 (7th Cir. 2014); *Advanced Tactical Ordnance Systems, LLC, v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014); *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718 (7th Cir. 2013); and *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012)—the court declined to exercise general jurisdiction over an out-of-state defendant.

For the foregoing reasons, and because plaintiff does not assert any argument or evidence to support my exercise of personal jurisdiction over defendant Juneau, defendants' motion to dismiss is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 23, 2017